## CGM-LLNR LLC v Sylvia Wald & Po Kim Art Gallery

2024 NY Slip Op 30609(U)

February 27, 2024

Supreme Court, New York County

Docket Number: Index No. 153910/2017

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 11M

-------------------------------------------------------------------------------X

CGM-LLNR LLC,

|  | |
|---|---|
| **INDEX NO.** | 153910/2017 |

Plaintiff,

| | |
|---|---|
| **MOTION DATE** | 08/09/2023 |

- v -

THE SYLVIA WALD AND PO KIM ART GALLERY,

| | |
|---|---|
| **MOTION SEQ. NO.** | 013 |

Defendant.

-------------------------------------------------------------------------------X

**DECISION + ORDER ON MOTION**

THE SYLVIA WALD AND PO KIM ART GALLERY

Third-Party Plaintiff,

Third-Party
Index No.  595488/2020

-against-

EPSTEIN ENGINEERING P.C., and BELLET
CONSTRUCTION CO., INC.,

Third-Party Defendant.
-------------------------------------------------------------------------------X

-------------------------------------------------------------------------------X

BELLET CONSTRUCTION CO. INC,

Third-Party
Index No.  595488/2020

Second Third-Party Plaintiff,

-against-

ONLY PROPERTIES, LLC,

Second Third-Party Defendant.
-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 013) 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 379, 380, 391, 394, 395, 396

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

**153910/2017  CGM-LLNR LLC vs. SYLVIA WARD AND PO KIM**
**Motion No.  013**

**Page 1 of 5**

Upon the foregoing documents, third-party defendant Epstein Engineering's motion for summary judgment is granted in its entirety.

The Court agrees that Epstein has demonstrated *prima facie* entitlement to summary judgment. In support of its motion, the Epstein relies on an affidavit from its principal Alan Epstein, emails between its principal Mr. Epstein and representatives of the third-party plaintiff the Sylvia Wald and Po Kim Art Gallery, as well as deposition testimony from Wayne Bellet, the Co-defendant Bellet's principal and Hyong T. Cho, president and chairman of the board of the Sylvia Wald Gallery. In opposition, the Wald Gallery has failed to provide any affidavits or other evidence in response to the affidavit and other evidence in support of Epstein's motion.

## I.     Breach of engineering contracts

In its third-party complaint, the Gallery alleges Epstein breached its engineering contracts by failing to perform its contractual duties which then caused significant delay in the performance of repair work, overcharges, increased construction costs, and directly increased the delay in the Wald Gallery's performance of its duties under various contracts and license agreement.

Epstein disputes the Gallery's allegations and contends that it completed all its contractual obligations and further, that any delay was created by the adjacent building 415 Lafayette, and the Wald Gallery itself. As such, Epstein moves for summary judgment dismissing the Wald Gallery's breach of contract claim. In support of its motion, Epstein relies on the affidavit of its principal Mr. Epstein, who states that Epstein engineering inspected the building façade of the gallery and filed the local 11 report with the DOB as required in the contract. Mr. Epstein states that Epstein performed all of its contractual duties, and had no involvement in the issues, such as lack of access to the adjacent building, that is contends

153910/2017   CGM-LLNR LLC vs. SYLVIA WARD AND PO KIM
Motion No. 013

Page 2 of 5

contributed to the delay in the project. Moreover, Mr. Epstein contends that part way through the project, the Wald Gallery switched contractors and hired the other third-party defendant Bellet Construction Co., which it alleges further caused a delay in the project.

Additionally, Epstein points to the deposition testimony of Wayne Bellet. When asked "Do you believe that Epstein Engineering caused any of the delay of this project?" Mr. Bellet responded, "No." Moreover, Epstein further points to the president and chairman of the board of the Ward Gallery who testified that it was the building owner of 415 Lafayette Street who caused the delay.

In opposition, the Wald Gallery fails to address Epstein's arguments nor raise a triable issue of fact. The Wald Gallery's conclusory denial to parts of Epstein's statement of material facts is not sufficient to create a triable issue of fact. As plaintiff has failed to provide evidence in opposition and failed to raise a triable issue of fact, defendant Epstein is entitled to summary judgment dismissing plaintiff's breach of contract claim.

## II.     Professional negligence

Epstein contends the Wald Gallery utterly failed to produce any evidence of professional negligence. In his affidavit Mr. Epstein contends that different representatives of the Wald Gallery executed several contracts with Epstein Engineering during the five years that the project at 417 Lafayette Street continued, and that Wald Gallery never lodged any complaints against Epstein Engineering during the 14 years between 2006, when Wald Gallery first retained the firm, until 2020, when the Wald Gallery terminated the contract between the parties.

In opposition, again the Wald Gallery simply "denies" Epstein's version of events but supports its denial with no evidence and raises no specific triable issue of fact. Therefore, the Wald Gallery's claim for professional negligence against Epstein is dismissed.

**153910/2017   CGM-LLNR LLC vs. SYLVIA WARD AND PO KIM**
**Motion No.  013**

**Page 3 of 5**

### III.    Indemnification

Next, Epstein moves to dismiss the Wald Gallery's claim for indemnification, on the basis that it has established it was not responsible for the delays which are the basis of the underlying action against the Wald Gallery. In opposition, the Wald Gallery merely responds, "there is no doubt or issue of fact that Epstein failed to perform under the subject contracts and in liable to defendant/third-party defendant Wald in the form of common law indemnity." Without any supporting evidence to substantiate this claim, such a conclusory statement is not sufficient to defeat Epstein's motion for summary judgment. The Court finds the Wald Gallery has failed to raise any triable issue of fact and as such its claim for common law indemnification against Epstein is dismissed.

### IV.    Contribution and Breach of Insurance Procurement

Lastly, in support of its position seeking dismissal of the Ward Gallery's contribution and breach of contract claims, Epstein contends that its contracts did not require the company to name the Wald Gallery as an additional insured or otherwise provide insurance coverage for the Wald Gallery. Moreover, Epstein contends the Wald Gallery has failed to address this in its motion papers and therefore has abandoned its claims for contribution and breach of insurance procurement. Rodriguez v Dormitory Auth. of the State of N.Y., 104 A.D.3d 529 [2013]. Vermette v. Kenworth Truck Co., 68 N.Y.2d 714 [1986]. Josephson LLC v Column Fin., Inc., 94 A.D.3d 479 [2012].

The Court agrees. The Wald Gallery has submitted no evidence in support of its claims, has failed to address Epstein's arguments in its opposition papers, and thus its claims for Contribution and Breach of Insurance Procurement must be dismissed.

Accordingly, it is hereby

**153910/2017    CGM-LLNR LLC vs. SYLVIA WARD AND PO KIM**                    **Page 4 of 5**
**Motion No.  013**

4 of 5

ADJUDGED that third-party defendant's motion for summary judgment is granted in its

entirety; and it is further

ORDERED that the Clerk is directed to enter judgment dismissing the third-party

complaint as against EPSTEIN ENGINERING P.C. accordingly.

20240227164643LFRANK0F2F27933D964F92AB366FE6189DFCA7

| 2/27/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

153910/2017   CGM-LLNR LLC vs. SYLVIA WARD AND PO KIM
Motion No.  013

Page 5 of 5